**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CLAUDIO FUENTES, an individual,

      Plaintiff,

vs.                                                                                          COMPLAINT

DFM RESTAURANTS GROUP, INC., a
Florida for-profit corporation, and WITMAR
JARA, an individual,

      Defendants.

_____/

## **COMPLAINT**

COMES NOW Plaintiff CLAUDIO FUENTES ("Plaintiff" or "FUENTES"), by and through undersigned counsel, and files his Complaint against Defendants DFM RESTAURANTS GROUP, INC., a Florida for-profit corporation, and WITMAR JARA, an individual (together, "Defendants") for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"), and declaration of rights.

## I.     **NATURE OF THE CASE**

1. Plaintiff was employed as a hourly manager and server at El Patio 305 ("El Patio"), located at 2093 S.W. Coral Way, Miami, Miami-Dade County, Florida, from approximately April, 2014 to November, 2018.

2. Defendants suffered or permitted Plaintiff to work but did not pay him for all hours worked.

1

3.  In addition to unpaid hours worked by Plaintiff, Defendants did not pay him at the correct overtime rate for hours worked in excess of forty per workweek.

4.  Plaintiff is seeking minimum and overtime wages under the Federal law for the maximum three-year period preceding filing of the Complaint.

## II.   JURISDICTION AND VENUE

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant El Patio is situated in this District; and because most, if not all, of the operational decisions were made in this District.

6.  This Court has original jurisdiction over Plaintiff's federal question claims.

## III.   PARTIES

7.  Plaintiff CLAUDIO FUENTES ("Plaintiff" or "FUENTES") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

8.  Defendant DFM RESTAURANTS GROUP, INC. ("DFM"), is a Florida for-profit company that owns and operates the El Patio restaurant ("El Patio") where FUENTES worked, located in Miami, Florida.

9.  Defendant WITMAR JARA ("JARA"), an individual and *sui juris*, was an owner and director of DFM and employer of FUENTES at El Patio. JARA acted directly and indirectly in the interest of DFM. JARA managed El Patio and had the power to direct employees' actions.  JARA had management responsibilities, a degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial

2

authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at El Patio in accordance with the FLSA, making Defendant WITMAR JARA an employer pursuant to 29 USC § 203(d).

## IV.   COVERAGE

10. During all material times, Defendant DFM was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, because the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. During all material times, Defendant DFM was an employer as defined by 29 U.S.C. § 203(d).

12. During all material times, Defendant JARA was an employer as defined by 29 U.S.C. § 203(d).

13. During all material times, the enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. During all material times, the enterprise employed two or more people.

## V.   FACTUAL ALLEGATIONS

15. During the relevant time period for this claim, Defendants have operated a restaurant known as El Patio.

16. FUENTES worked for Defendants at El Patio, located at 2093 S.W. Coral Way, Miami, Miami-Dade County, Florida, from approximately April, 2014 to November, 2018, the

3

approximate last day of FUENTES' employment. As the statutory time limit under the FLSA is three years, the FLSA Relevant Time Period will cover FUENTES' employment with Defendants from June 11, 2016 to the end of his employment.

17. The applicable Florida minimum wage was $8.05 per hour in 2016, $8.10 per hour in 2017, and $8.25 per hour in 2018.

18. During the FLSA Relevant Time Period, the applicable overtime wage was one-and-one-half times FUENTES' regular rate of pay.

19. During the Relevant Time Period, FUENTES' pay was approximately $3.02 per hour below the minimum wage for hours worked as a server, and $15 per hour for hours worked as a manager.

20. Throughout his employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day week.

21. Plaintiff was required to maintain his required uniform with his own wages, taking his hourly wage below the legal minimum, in violation of the FLSA.

22. Plaintiff was required to pay for, and did pay for, customer walkouts, in violation of the FLSA.

23. Defendants did not pay Plaintiff for all hours suffered or permitted, for one or more weeks.

24. Defendants knew or showed reckless disregard as to whether their policies concerning minimum and overtime wages were legal under the FLSA, thus they willfully engaged in practices that denied Plaintiff the applicable minimum and overtime wage.

25. Defendants' acts and omissions that gave rise to this action were not in good faith reliance on relevant case law or statements or findings of the Department of Labor.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

26. As a result of suffering or permitting FUENTES to work without paying him all of the Florida minimum wages and overtime wages due, Defendants did not satisfy the requirements of 29 U.S.C. § 203(m) and § 2l5(a)(2) during the Relevant Time Period and must therefore pay Plaintiff the full minimum and overtime wage for each hour worked.

27. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I
### FAILURE TO PAY MINIMUM WAGE IN
### VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

28. Plaintiff reincorporates and re-alleges paragraphs 1 through 27 as though set forth fully herein and further alleges as follows:

29. Defendants employed Plaintiff during the statutory time period.

30. Defendants willfully and intentionally suffered or permitted Plaintiff to work unpaid  hours up to forty per workweek.

31. By suffering or permitting Plaintiff to work unpaid hours, Defendants owe Plaintiff the full Florida minimum wage for each hour worked up to forty hours in a week.

32. As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff CLAUDIO FUENTES demands judgment in his favor and against Defendants DFM RESTAURANTS GROUP, INC. and WITMAR JARA, jointly and severally, as follows:

  a) Award to Plaintiff for payment of all hours worked up to forty hours per week at the full Florida minimum wage;

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty hours per week at the full Florida minimum wage owed or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

**COUNT II**
**FAILURE TO PAY OVERTIME WAGE COMPENSATION**
**IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq***

33. Plaintiff reincorporates and re-alleges paragraphs 1 through 27 as though set forth fully herein and further alleges as follows:

34. Defendants employed Plaintiff during the statutory time period.

35. Defendants suffered or permitted Plaintiff to regularly work unpaid hours in excess of forty per workweek.

36. Defendants willfully and intentionally suffered or permitted Plaintiff to work paid hours in excess of forty hours per workweek without paying him his statutory overtime wages.

37. By suffering or permitting Plaintiff to work unpaid overtime hours and without paying him the statutory overtime wages due for paid hours, Defendants owe Plaintiff one-and-one-half time his regular rate of pay for all hours worked in excess of forty per workweek.

38. As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff CLAUDIO FUENTES demands judgment in his favor and against Defendants DFM RESTAURANTS GROUP, INC. and WITMAR JARA, jointly and severally, as follows:

6

a) Award to Plaintiff for payment of all hours suffered or permitted in excess of forty hours per week at the rate of one-and-a-half times his regular rate of pay;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty hours per week at the rate of one-and-a-half times his regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

39. Plaintiff reincorporates and re-alleges paragraphs 1 through 27 as though set forth fully herein, and further alleges as follows:

40. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.  The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

41. Defendants did not rely on a good faith defense under the FLSA in suffering or permitting Plaintiff to work hours in excess of forty per work without pay.

42. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

43. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

WHEREFORE, Plaintiff CLAUDIO FUENTES demands judgment in his favor and against Defendants DFM RESTAURANTS GROUP, INC. and WITMAR JARA, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted on June 11, 2109.

By: ___**s/Robert W. Brock II**_____
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **June 11, 2019**, I electronically filed the foregoing document via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified,

8

either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:    **s/Robert W. Brock II**            
                Robert W. Brock II, Esq.
                *Attorney for Plaintiff*

9